Ricardo ZAVALA–RAMIREZ, a.k.a. Ricardo Zavala–Rocha, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 08–73846.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 24, 2010.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ricardo Zavala–Ramirez, Calexico, CA, pro se.

Craig Alan Newell, Jr., Esquire, Trial, Oil, Emily Anne Radford, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Ricardo Zavala–Ramirez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cazarez–Gutierrez v. Ashcroft*, 382 F.3d 905, 909 (9th Cir. 2004), and for substantial evidence the agency's factual findings, *Solis–Espinoza v. Gonzales*, 401 F.3d 1090, 1092 (9th Cir. 2005). We deny the petition for review.

■ Zavala–Ramirez's conviction for violating Cal. Health and Safety Code § 11378 is an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). *See Cazarez–Gutierrez*, 382 F.3d at 919 (a state drug offense is an aggravated felony for immigration purposes if it contains a trafficking element). Contrary to Zavala–Ramirez's contention, the record of conviction establishes that he was convicted of selling methamphetamine. *See Shepard v. United States*, 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (charging document and transcript of plea colloquy may be used for modified categorical analysis).

■ The agency properly denied Zavala–Ramirez's claim to derivative citizenship where Zavala–Ramirez's United States citizen mother testified that she was not physically present in the United States for the requisite five years after turning 14 in order to pass citizenship to Zavala–Ramirez. *See* 8 U.S.C. § 1401(a)(7) (1959) (a person shall be a citizen of the United States at birth who is "born outside the geographical limits of the United States

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

... of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States ... for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years"). It follows that Zavala–Ramirez's due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.